IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01333-RBJ-NYW

NICHOLAS MCALLISTER-ZIEGLER,

    Plaintiff,

v.

CORE CIVIC ULSTER FACILITY;
AISHA ALVARADO;
AATWAA OLIVER-MILLER;
RANDY WEYI;
NICHELLE STIGGERS,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

This matter comes before the court on the Order to Show Cause dated September 25, 2019, stemming from Plaintiff Nicholas McAllister-Ziegler's ("Plaintiff" or "Mr. McAllister-Ziegler") failure to appear for the court-ordered Status Conference set for September 25, 2019. [#42]. The undersigned Magistrate Judge considers the matter pursuant to 28 U.S.C. § 636(b) and the Order Referring Case dated May 10, 2019, [#10]. For the following reasons, I respectfully **RECOMMEND** that this civil action and Plaintiff's Second Amended Complaint [#31] be **DISMISSED without prejudice** for failure to prosecute under D.C.COLO.LCivR 41.1 and for Plaintiff's failure to comply with this District's Local Rules of Civil Practice and Orders of the court.

## BACKGROUND

Plaintiff initiated this civil action by filing his pro se prisoner Complaint in the District Court of Denver County on or about March 26, 2019. *See* [#5]. According to Plaintiff, Defendants

violated his Eighth Amendment rights, and his Complaint asserted a single claim for deliberate indifference. *See generally* [#5]. On May 8, 2019, Defendants removed this civil action from the District Court for the County of Denver, invoking federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331. *See* [#1].

On July 8 and 10, 2019, the court received notice that Plaintiff's mail was being returned to the court as undeliverable, *see* [#32; #33], prompting this court to direct the Clerk of the Court to update Plaintiff's mailing address as indicated in his Second Amended Complaint, *see* [#31]. The court then re-sent its previous filings to Mr. McAllister-Ziegler at the updated mailing address, 4101 Pecos Street, Denver, Colorado 80211. *See* [#36]. On July 19, 2019, this court conducted a Status Conference, at which Plaintiff was not present, but given the recent update to Mr. McAllister-Ziegler's mailing address, this court set a further Status Conference for September 25, 2019, rather than issue an Order to Show Cause. *See* [#37].

Plaintiff failed to appear for the September 25, 2019 Status Conference. At the time, the court's filings were not returned undeliverable to Mr. McAllister-Ziegler, and thus this court presumed Plaintiff had adequate notice of the Status Conference. However, shortly after the Status Conference, the court's Order [#39] on the pending Recommendation [#38] to deny Plaintiff's Motion for Remand was returned undeliverable with the notation, "Return to Sender. Attempted – Not Known. Unable to Forward." [#41]. Since filing his Second Amended Complaint, Plaintiff has not informed the court of any change in his mailing address. And given Plaintiff's failure to appear at the Status Conference, this court issued an Order to Show Cause for lack of prosecution.

On October 8, 2019, this court's Order to Show Cause [#42] was returned undeliverable, with the notation "Return to Sender. Not Deliverable as Addressed. Unable to Forward." [#47]. To date, Plaintiff has yet to update his mailing address with the court, and the Order to Show Cause

2

specifically advised Mr. McAllister-Ziegler that his "**failure to comply with this Order may result in this court recommending dismissal of this action**." [#42 at 3 (emphasis in original)].

ANALYSIS

Local Rule of Civil Practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

Further, D.C.COLO.LAttyR 5(c) requires pro se parties to maintain current contact information and states that "Notice of change of name, mailing address, or telephone number of an unrepresented prisoner or party shall be filed not later than five days after the change." A party's pro se status does not exempt her from complying with the procedural rules that govern all civil actions filed in this District, namely, the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Colorado. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008). In addition, the court plays a neutral role in the litigation process and cannot assume the role of an advocate for the pro se party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir.1998).

As mentioned, Plaintiff has yet to update his mailing address with the court, resulting in the court's filings to be returned undeliverable. In addition, Plaintiff failed to appear for the court-ordered Status Conference set for September 25, 2019, and the Order to Show Cause specifically advised Mr. McAllister-Ziegler that his failure to respond may result in the court recommending dismissal of this action without prejudice. Having not received a response and given Mr. McAllister-Ziegler's failure to abide by court Orders and this District's Local Rules of Civil Procedure and his lack of diligence in litigating this matter, dismissal of this civil action for lack

of prosecution is warranted. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007) (providing that when dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."); *see also Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.").

## CONCLUSION

For the reasons stated herein, this court respectfully **RECOMMENDS** that:

(1) This civil action be **DISMISSED without prejudice** pursuant to D.C.COLO.LCivR 41.1 for Plaintiff's failure to prosecute, comply with Orders of the court, and this District's Local Rules of Civil Practice.[1]

---

[1] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

A copy of this Recommendation shall be sent to:

    Nicholas M McAllister-Ziegler
    4101 Pecos St
    Denver, CO 80211

DATED: October 10, 2019             BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge